IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00119-WYD-MEH

BODYGUARD PRODUCTIONS, INC.,

    Plaintiff,

v.

JOHN DOES 1–24,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on February 14, 2018.**

The Motion to Quash [<u>filed February 12, 2018; ECF No. 14</u>] is **denied without prejudice** for the following reasons.

First, from the content of the present motion, the Court infers that Doe seeks to proceed in this litigation anonymously. However, he or she has failed to properly seek permission from the Court to do so. *See K-Beech, Inc. v. Does 1-29*, 826 F. Supp. 2d 903, 905 (W.D.N.C. 2011) (noting that a party who wishes to proceed anonymously may overcome the presumption against anonymous proceedings by filing a well-reasoned motion to proceed anonymously); *see also W. Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 12 (D.D.C. 2011) ("[F]ederal courts generally allow parties to proceed anonymously only under certain special circumstances when anonymity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment."). Therefore, if Doe wishes to re-file his or her motion in accordance with this order and all applicable local and federal court rules, he or she may do so **on or before February 26, 2018** and must first (or contemporaneously) file a motion to proceed anonymously in accordance with Rule 11(a).

The present motion contains Doe's contact information, which the Court needs for the management of this case and, as such, has been placed under restriction from public access. If Doe wishes to keep this filing (containing his or her identifying information) confidential, he or she shall file a motion to maintain the filing under restriction **on or before February 26, 2018** pursuant to the procedure set forth in D.C. Colo. LCivR 7.2. The Court may strike any motion or other filing that deviates from the requirements of this order or from those set forth in the applicable local or federal rules.

Finally, the Court advises Doe that pursuant to Federal Rule of Civil Procedure 7(b)(1)(B), a motion must "state with particularity the grounds for seeking the order." Doe's motion does not state with particularity why the Court should quash the subpoena. Instead, it discusses the merits

of Plaintiff's claim.  If Doe chooses to re-file his or her motion, the Court instructs him or her to state why the Court should quash the subpoena pursuant to Rule 45.

      The Clerk of the Court is directed to mail a copy of this order to Doe at the address found in ECF No. 13.